UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL LYNN GABRIEL,

    Plaintiff,

v.

GENERAL SERVICES ADMINISTRATION; et al.,

    Defendants.

3:08-cv-0497-LRH-VPC

ORDER

    Before the court is defendant General Services Administration's ("GSA") motion to dismiss plaintiff Michael Lynn Gabriel's ("Gabriel") complaint. Doc.#66.[1]

**I.    Facts and Procedural History**

    This action involves the sale of several lighthouses owned by the United States pursuant to the Federal National Historic Lighthouse Preservation Act. Plaintiff Gabriel alleges that he was denied the opportunity to purchase certain lighthouses in 2008, because defendant GSA breached the express terms and conditions of its Invitation of Bids which it sent to interested parties.

    After Gabriel lost the lighthouse auctions, he filed the present complaint for violation of the Fair Housing Act. *See* Doc. #1. Thereafter, GSA filed the present motion to dismiss for lack of subject matter jurisdiction. Doc. #66.

---

[1] Refers to the court's docket number.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## III. Discussion

In its motion, GSA argues that this court is without jurisdiction to hear Gabriel's complaint. *See* Doc. #66. This court agrees. Gabriel's complaint is effectively a complaint for breach of contract and the court shall construe the underlying causes of action as such. Jurisdiction over complaints for breach of contract with amounts in controversy in excess of $10,000 rests exclusively with the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). Here, it is undisputed that the amount sought is in excess of $10,000. *See* Doc. #1. Therefore, this court is without jurisdiction to hear this action and shall grant the motion to dismiss accordingly.

Additionally, even assuming that Gabriel's claims are not contractual in nature, the court would still dismiss this action because venue is not proper in the District of Nevada. An action against an agency of the United States may only be brought in a judicial district in which: (1) a defendant resides; (2) a substantial part of the events giving rise to the claim occurred; or (3) the plaintiff resides. 28 U.S.C. § 1391(e). Here, neither the defendant nor the plaintiff reside in Nevada: Gabriel resides in California and the GSA office that conducted the auctions is in Massachusetts.

2

Further, all events giving rise to the underlying claims occurred in Boston, Massachusetts. Thus, venue is not proper in the District of Nevada and this action would also be dismissed for that reason.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #66) is GRANTED. Plaintiff's amended complaint (Doc. #13) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Doc. #59); defendant's cross-motion for summary judgment (Doc. #65); and defendant's motion to strike (Doc. #77) are DENIED.

IT IS SO ORDERED.

DATED this 29th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE