1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                    * * *
                                       )
9    MICHAEL LYNN GABRIEL             )
                                       )
10                 Plaintiff,          )          3:08-cv-0497-LRH-VPC
                                       )
11    v.                               )
                                       )          ORDER
12   GENERAL SERVICES ADMINISTRATION; )
     et al.,                          )
13                                     )
                   Defendants.         )
14   _____ )

15        Before the court is defendant General Services Administration's ("GSA") motion to dismiss

16   plaintiff Michael Lynn Gabriel's ("Gabriel") complaint. Doc.#66.[1]

17   **I.    Facts and Procedural History**

18        This action involves the sale of several lighthouses owned by the United States pursuant to

19   the Federal National Historic Lighthouse Preservation Act. Plaintiff Gabriel alleges that he was

20   denied the opportunity to purchase certain lighthouses in 2008, because defendant GSA breached

21   the express terms and conditions of its Invitation of Bids which it sent to interested parties.

22        After Gabriel lost the lighthouse auctions, he filed the present complaint for violation of the

23   Fair Housing Act. *See* Doc. #1. Thereafter, GSA filed the present motion to dismiss for lack of

24   subject matter jurisdiction. Doc. #66.

25

26
           _____

           [1] Refers to the court's docket number.

1    **II.     Legal Standard**

2         Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

3    437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

4    unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville*

5    *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

6         Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack

7    of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party

8    in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the

9    plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford*

10   *Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*,

11   298 U.S. 178, 189 (1936)).

12   **III.    Discussion**

13        In its motion, GSA argues that this court is without jurisdiction to hear Gabriel's complaint.

14   *See* Doc. #66. This court agrees. Gabriel's complaint is effectively a complaint for breach of

15   contract and the court shall construe the underlying causes of action as such. Jurisdiction over

16   complaints for breach of contract with amounts in controversy in excess of $10,000 rests

17   exclusively with the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). Here, it is undisputed that

18   the amount sought is in excess of $10,000. *See* Doc. #1. Therefore, this court is without jurisdiction

19   to hear this action and shall grant the motion to dismiss accordingly.

20        Additionally, even assuming that Gabriel's claims are not contractual in nature, the court

21   would still dismiss this action because venue is not proper in the District of Nevada. An action

22   against an agency of the United States may only be brought in a judicial district in which: (1) a

23   defendant resides; (2) a substantial part of the events giving rise to the claim occurred; or (3) the

24   plaintiff resides. 28 U.S.C. § 1391(e). Here, neither the defendant nor the plaintiff reside in Nevada:

25   Gabriel resides in California and the GSA office that conducted the auctions is in Massachusetts.

26

1    Further, all events giving rise to the underlying claims occurred in Boston, Massachusetts. Thus,

2    venue is not proper in the District of Nevada and this action would also be dismissed for that

3    reason.

4

5          IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #66) is

6    GRANTED. Plaintiff's amended complaint (Doc. #13) is DISMISSED without prejudice.

7          IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Doc. #59);

8    defendant's cross-motion for summary judgment (Doc. #65); and defendant's motion to strike

9    (Doc. #77) are DENIED.

10         IT IS SO ORDERED.

11         DATED this 29th day of February, 2012.

12

13                                          _____

14                                          LARRY R. HICKS
                                            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

                                            3